Mathew K. Higbee, Esq., Ore. Bar 106514
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
ANNIE LEIBOVITZ

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON

| | |
|---|---|
| ANNIE LEIBOVITZ,<br><br>Plaintiff,<br><br>v.<br><br>AVENUE 5 MEDIA, LLC; CASCADE DIGITAL MEDIA LLC; JEFF G. LEISHMAN; and DOES 1 through 10 inclusive,<br><br>Defendant. | Case No. 6:22-cv-607<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANNIE LEIBOVITZ for her complaint against Defendants AVENUE 5 MEDIA, LLC, CASCADE DIGITAL MEDIA LLC, and JEFF G. LEISHMAN alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendants' acts of infringement complained of herein occurred in this judicial

district, and Defendants caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Annie Leibovitz ("Leibovitz") is an individual residing in the state of New York.

6. Defendant Avenue 5 Media, LLC ("Avenue 5") is an Oregon limited liability company with a business address of 33465 McKenzie View Drive, Eugene, OR 97408.

7. Defendant Cascade Digital Media LLC ("Cascade Digital") is an Oregon limited liability company with a business address of 33465 McKenzie View Drive, Eugene, OR 97408.

8. Defendant Jeff G. Leishman ("Leishman") is an individual with an address of 33465 McKenzie View Drive, Eugene, OR 97408.

9. Leibovitz is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10 inclusive, and for that reason, sued such Defendants under fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

/ / /

/ / /

# FACTUAL ALLEGATIONS

### *The Photographs Forming the Subject Matter of this Complaint*

10. Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture, with her work has been featured on numerous album covers and magazines.

11. Her work has also been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

12. Perhaps her most iconic photograph is that of musician John Lennon and his wife Yoko Ono taken for *Rolling Stone* magazine mere hours before Lennon was shot and killed in front of his apartment on December 8, 1980.

13. In 2014, Leibovitz took a series of photographs of Caitlyn Jenner ("Jenner Photographs") that were first published online by *Vanity Fair* on June 25, 2015, with a "VF" watermark at the bottom right corner and the caption "PHOTOGRAPHED BY ANNIE LEIBOVITZ" for each photograph. *See* https://bit.ly/3MpVuq9.

14. Attached hereto as Exhibit A are true and correct copies of the Jenner Photographs.

15. Leibovitz registered the Jenner Photographs with United States Copyright Office under registration number VA 2-977-805 with an effective registration date of August 7, 2015.

### *Defendants' Infringing Acts*

16. Avenue 5 is a media advertising company that reaches an online audience of approximately 5 million unique visitors per month in the through content rich blogs that primarily targets women.

17. Leishman is a managing member, and senior managing partner of Avenue 5 Media.

18. From approximately 2015 to 2020, Cascade Digital owned and

operated the website www.buzzfortoday.com ("Website").

19. During that time, the Website primarily consisted of content colloquially known as "clickbait."

20. As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with sensationalist headlines.

21. Until February 2020, Leishman was also the sole managing member of Cascade Digital.

22. On information and belief, Avenue 5 was responsible for creating and providing the content on the Website.

23. On or about April 26, 2019, Leibovitz discovered that the Jenner Photographs in an article on the Website titled "4 Ways In Which Caitlyn Jenner Virtually Changed Everything" (the "Infringing Article").

24. True and correct screenshots of the Infringing Article featuring Leibovitz's Jenner Photographs are attached hereto as Exhibit B.

25. Leibovitz also discovered noticed that the Jenner Photographs as they appeared on the Website had been cropped so that the "VF" watermark has been removed.

26. Leibovitz also noticed that the Jenner Photographs as used on the Website had omitted her photo credit which had appeared on the Vanity Fair article.

27. Leibovitz is informed and believes that the watermark and photo credit were intentionally removed and omitted in order to conceal the fact that the use of the Jenner Photographs on the Website was infringing.

28. After counsel contacted Leishman about the infringement, Leishman sent an email in January 2020 from his Avenue 5 email address to an individual named "Cami" stating "Hope you're doing well. Where did you obtain the images used for the articles you wrote for us? Namely BuzzForToday.com"

29. In a follow up email, Leishman sent copies of the Jenner Photographs stating "See attached. It's two images that the photographer is claiming copyright infringement on. They are asking if we had a license for use. Were you using a stock photography company for these images?"

30. Cami subsequently responded stating "Websites, such as yours, usually take pictures from the original links provided (stories I got asked to cover) which is what I was told to do with every other site I wrote for your agency."

31. Attached hereto as Exhibit C is a true and correct copy of the email correspondence from Leishman.

32. Leibovitz is informed and believes that Defendant Leishman instructed writers engaged by Avenue 5 to take photographs from sources without obtaining authorization and to crop off or omit any watermarks or other copyright management information.

33. On information and belief, Leishman has the right and ability to supervise and control the content distributed through Avenue 5 to Cascade Digital for use on the Website, and had a received a direct financial benefit from Avenue 5's creation and Cascade Digital's distribution of such content, including the Infringing Article.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Jenner Photographs.

36. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon the copyrighted Jenner Photographs in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Jenner Photographs of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article the Website.

37. Furthermore, Plaintiff is informed and believes that Defendants had the right and ability to supervise and control the content on the Website and stood to receive a financial benefit from the infringing acts alleged herein.

38. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c) per work infringed.

39. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

40. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
## 17 U.S.C. § 1202

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. On information and belief, Defendants knew that Plaintiff created the Jenner Photographs and that they were subject to copyright because, *inter alia*, the source of the Jenner Photographs that Defendants used to make infringing copies, Vanity Fair, specifically attributed the Jenner Photographs to Plaintiff.

43. Likewise, the Jenner Photographs themselves as they original appeared in Vanity Fait contained the obvious watermark "VF" in the bottom

6
**COMPLAINT**

corner indicating their source.

44. Defendants intentionally removed and/or altered copyright management information related to the Jenner Photographs with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

45. Specifically, Defendants directed individuals to purposefully crop watermarks from photographic imagery, including the Jenner Photographs, and also failed to credit Plaintiff in the Infringing Article in order to mislead the public by concealing their infringing acts.

46. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

47. Defendants' falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

48. Defendants' falsification, removal and/or alteration of said copyright management information was done by Defendants intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement.

49. Defendants also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the Jenner Photographs.

50. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendants in an amount to be proven.

51. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Jenner Photographs by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;
- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: April 25, 2022                                  Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ore. Bar 106514
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6729 facsimile

## DEMAND FOR JURY TRIAL

Plaintiff, Annie Leibovitz, hereby demands a trial by jury in the above captioned matter.

Dated: April 25, 2022

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Ore. Bar 106514
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6729 facsimile